BEFORE THE SECOND DIVISION, NOVEMBER 20, 1963

No. 68126.—Empire Findings Co., Inc. *v.* United States, protest 291641–K (New York).

LAWRENCE, Judge: The merchandise which forms the subject of the above-enumerated protest consists of stethoscopes, which were classified by the collector of customs as surgical instruments in paragraph 359 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 359), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T.D. 52462, and subjected to duty at the rate of 45 per centum ad valorem.

Plaintiff herein controverts said classification and duty assessment, contending that the stethoscopes should properly have been classified as articles or wares, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for which duty at the rate of 22½ per centum ad valorem is provided.

Prior to entering into an oral stipulation of fact when the instant case was called for hearing, there was received in evidence as plaintiff's illustrative exhibit 1 a stethoscope representative of the merchandise in issue.

The stipulation of fact above referred to is here set forth verbatim:

It is stipulated and agreed by and between respective parties that the merchandise at bar, consisting of stethoscopes are diagnostic instruments, chiefly used throughout the United States by licensed physicians or general practitioners in the general practice of medicine, for diagnostic purposes.

2. That the merchandise is not chiefly used by surgeons throughout the United States.

3. That the merchandise at bar is not chiefly used throughout the United States in surgical procedures.

4. That since the decision in the case of *A. S. Aloe* vs. *United States*, Abstract 14572, decided December 19, 1930, there has been a uniform, definite and long-continued practice of classifying stethoscopes and parts under the provision for surgical instruments and parts, under Paragraph 359 of the Tariff Act of 1930.

5. That the merchandise consists of manufactures wholly or in chief value of brass, not plated with platinum, gold or silver, and not colored with gold lacquer.

It appears from the proceedings at the trial that plaintiff, in refuting the classification of the instant stethoscopes by the collector of customs as surgical instruments and contending their proper classification lies within the purview of the basket provisions of paragraph 397 of the Tariff Act of 1930, relies basically on two cases decided by this court within the last few years, to wit, *Empire Findings Co., Inc.* v. *United States*, 44 Cust. Ct. 21, C.D. 2148, and *Arthur Salm, Inc.* v. *United States*, 46 Cust. Ct. 68, C.D. 2235. Although, at defendant's request, time was extended to it by the court for the filing of a brief, the defendant filed a notice with the court stating that it would not do so, in view of the record herein "and the prior enunciations by this Honorable Court made in the cases cited in the record by the plaintiff."

In the *Empire Findings* case referred to, *supra*, this court held that certain otoscopes, electrical instruments used by pediatricians and general practitioners to introduce light into the ear canal and the eardrum for diagnostic purposes, were electrical therapeutic (including diagnostic) instruments within the purview of paragraph 353 of the Tariff Act of 1930, as modified, as claimed by plaintiff therein, rather than surgical instruments in paragraph 359 of said act, as modified, which was the classification by the collector of customs.

In the later case of *Arthur Salm*, cited, *supra*, percussion hammers used by physicians in their diagnostic study of patients to test reflexes to determine their presence or absence, or whether they have diminished or become hyperactive, were held to be articles or wares, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of the Tariff Act of 1930, as modified, which was the contention of plaintiff therein, rather than surgical instruments in paragraph 359 of said act, as modified.

In view of the agreed facts of record that the stethoscopes presently before the court are instruments chiefly used throughout the United States by licensed physicians or general practitioners in the general practice of medicine for diagnostic purposes; that the merchandise is not chiefly used by surgeons throughout the United States; that said stethoscopes are not chiefly used throughout the United States in surgical procedures; and that said articles consist of articles or wares, wholly or in chief value of brass, not plated with platinum, gold, or silver, or colored with gold lacquer, we are of the opinion that plaintiff herein has sustained its twofold burden of overcoming the presumption of correctness attaching to the classification of the collector and has shown affirmatively its claimed classification to be correct. *United States* v. *Zoltan Erdosi*, 40 CCPA 137, C.A.D. 509.

Reference has been made to the official decision in full in *A. S. Aloe Co.* v. *United States*, which is reported in abstract form in 59 Treas. Dec. 1462, Abstract 14572. Involved therein were certain stethoscopes, which had been classified as surgical instruments in paragraph 359 of the Tariff Act of 1922 and were claimed to be properly subject to classification as "manufactures of metal, not specially provided for," in paragraph 399 of said act. The court there held that the record before it failed to substantiate the plaintiff's claim and the protest of plaintiff was overruled. The *Aloe* case, therefore, is clearly distinguishable from the one at bar, in view of the fact that not only have the essential facts been agreed upon by the adversary parties hereto, but said facts disclose that the stethoscopes in issue are not used by surgeons in the practice of their profession and are not surgical instruments, as that term has been judicially construed in the *Empire Findings* case and the *Salm* case, *supra*.

It having been agreed by the parties hereto that the stethoscopes are articles wholly or in chief value of brass, not plated with platinum, gold, or silver, or colored with gold lacquer, said articles are encompassed by the provisions of

paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, which provides duty therefor at the rate of 22½ per centum ad valorem, as alleged by plaintiff herein. That claim in the protest is, therefore, sustained.

Judgment will be entered accordingly.